Shengmao Mu (SBN 327076)
Whitewood Law
2570 N. First Street, 2nd Floor
San Jose, CA, 95131
Tel: 917-858-8018
Fax:917-591-0618
smu@whitewoodlaw.com

Attorney for Plaintiffs

HTTMT GROUP LLC, SECRET EQUIPMENT INC., XKH GROUP INC., AND HK MOTO INC.

UNITED STATE DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HTTMT GROUP LLC, SECRET EQUIPMENT INC., XKH GROUP INC., AND HK MOTO INC.<br><br>Plaintiffs,<br><br>vs.<br><br>Arlen Ness Enterprises, Inc.,<br><br>Defendant. | Case No.: 22-cv-1656<br><br>**COMPLAINT**<br><br>Declaratory Judgment of Non-Infringement, Invalidity of Trademark, and Demand for Damages |

  Plaintiffs, HTTMT GROUP LLC, *d/b/a* HTTMT on Amazon.com (Store ID A1OOGIT8L9BL7B), SECRET EQUIPMENT Inc. *d/b/a* Secret E on Amazon.com (Store ID AU47PMH7TBVX6), XKH GROUP Inc., *d/b/a* XKHmoto on Amazon.com (Store ID A18132C77AG5IR), and HK MOTO Inc., *d/b/a* HK MOTO INC on Amazon.com (Store ID A1T7DIMHB0ZNRO) (collectively "Plaintiffs"), for their complaint against Defendant Arlen Ness Enterprises, Inc., (hereinafter "Defendant" collectively), Plaintiffs seek declaratory relief pursuant to 15 U.S.C. § 1125 et seq., declaring Plaintiffs' products including ASINs (Amazon Standard Identification Numbers): B01HFXLB34, B08KYL1D8M, and B01HEQL092 for HTTMT alleged in Amazon

COMPLAINT - 1

Complaint 8998509651; B07L44RT9G for Secret E alleged in Amazon Complaint 8998509651, and B07L5WHHS1, B01HJ66I58, B01HJ67O2E, B07GGHTQ9W, B01HJ67AV4, B01HJ66948, B01HJ67DRU, B01HJ67LGS, B01HJ66FZQ, B01HJ67ZYQ, B01HJ684IC, B077FZLKY7, B01HJ68CKW, B01HJ682DY, B01HJ66B8M, B077FPNQ3V, B077GB7CKP, B01HJ687A2, B01HJ67FZU, B076GZBGJG, B01HJ66E7U, and B01HJ66LE6 for Secret E alleged in Amazon Complaint 6731636401; B01HFXLB34, B01HEQL092, B08KYNSZR5, B07L44RT9G for XKHmoto alleged in Amazon Complaint 8998509651, and B07L5W6PSG, B01HFXLERW, B07L44RT9G, B07GFTDL45, B01HJ689ZK, and B07L46FX4V for XKHmoto alleged in Amazon Complaint 8998384941; B08KYPD916 and B07L44RT9G alleged in Amazon Complaint 8998509651 to be not infringing Defendant's alleged "DEEP CUT" trademark (Reg. No. 5,640,507, the '507 Mark) shown on Exhibit 1. Defendant filed multiple frivolous complaints to Amazon.com demanding removal of the abovementioned products, which resulted in removal of Plaintiffs' products.

Plaintiffs are seeking a declaratory judgment that Plaintiffs are not infringing Defendant's alleged trademark, that the trademark was invalid, and that Plaintiffs are entitled to damages.

## I.   NATURE OF THE ACTION

1. Defendant is the competitor of Plaintiffs in the motorcycle part industry. Intended to obtain unlawful market monopoly, and by knowingly making false statements, among other things, to the trademark office that Defendant's competitors did not use the term "deep cut," Defendant registered the '507 Mark, and subsequently sent complaint letters to Amazon.com and caused the removal of Plaintiffs' products, which Defendant knew were not infringing. Plaintiffs are seeking damages and a declaratory judgment that Plaintiff is not infringing Defendant's alleged trademark and that the '507 Mark is invalid.

## II.   THE PARTIES

2. Plaintiffs are internet stores on Amazon.com that sell, among other things, original motorcycle parts. Plaintiffs have been in the professional motorcycle parts. industry for many years.

3. Because of the premium product quality, Plaintiffs received exceptionally great customer feedbacks.

4. Plaintiffs spent millions of dollars on product designs, advertisement, manufacturing, and so on.

COMPLAINT - 2

5. Defendant is a competitor to Plaintiffs in the same industry. Defendant also sells motorcycle parts on Amazon.com.

6. Upon belief and information, Defendant is a California Corporation with a registered address of 6050 Dublin Blvd. Dublin, California, UNITED STATES. *See* Exhibit 2 for Defendant's business information.

### III.  JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, 15 U.S.C. § 1125 (federal trademark question). The Court also has supplemental jurisdiction over the claims arising out of state law pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the state law claims arise out of the same operative facts as the federal claims.

8. The Court has specific and general personal jurisdiction over Defendant due to at least its substantial business in this forum. Defendant regularly conducts or solicits business, and/or derives substantial revenue from goods and services provided to individuals in California and in this Judicial District and directly targets consumers in the United States, including California, by operating one or more commercial, interactive Internet Store(s) through which California residents can purchase products. Defendant has targeted sales from California residents by operating online store(s) that offer shipping to the United States, including California, accept payment in U.S. dollars. Defendant also has a principal place of business in this District as evidenced by Defendant's company information filed with California Secretary of the State. *See* Exhibit 2.

9. An immediate, real, and justiciable controversy exists between Plaintiffs and Defendant as to whether Plaintiffs infringed Defendant's alleged trademark and whether Defendant's alleged trademark is valid. Defendant has taken action to file multiple complaints with Amazon.com in or around January 2022 that Plaintiffs' products infringed Defendant's trademark rights, resulting in the removal of Plaintiffs' products from Amazon.com. Plaintiffs already received notice of the removal of products from Amazon.com. *See* Exhibit 3. There is thus an immediate, real, and justiciable controversy exists between Plaintiff and Defendant.

///

COMPLAINT - 3

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant resides in this District, because a substantial part of the events giving rise to the claims at issue occurred in this District, and because Defendant is subject to personal jurisdiction within this District.

## IV. FACTUAL ALLEGATIONS

11. On 10/20/2017, Defendant filed a trademark application for "DEEP CUT" in International Class 012 for "Motorcycle parts, namely structural parts for motorcycles; parts of motorcycles, namely headlights, headlight grills, air cleaner covers, ignition covers, fork legs, fork boots, stabilizer links, engine mounts, brake arms, brake arms, brake levers, coil covers, fuel doors, switch covers, derby covers, point covers, pushrod covers, latch covers, latch levers, shift rods, shift arms, shift pegs, speaker grills, master cylinder covers, frame grills, footpegs, brake pegs, decorative instrument trim, muffler tips, turn signals, license plate frames, license plate holders, oil filters, oil filter covers, oil filter housings, pushrod covers, rocker boxes, windshield trim, warning horns for motorcycles; horns for vehicles; handlebar grips for motorcycles; motorcycle foot pegs; motorcycle foot boards; parts of motorcycles, namely, front dash panels." Defendant claimed, falsely, that it used the mark at least as early as 08/01/2008.

12. On 02/06/2018, the USPTO issued an Office Action which refused the registration of the "DEEP CUT" mark. The USPTO explained that "[r]egistration is refused because the applied-for mark merely describes a feature of applicant's goods. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); see TMEP §§1209.01(b), 1209.03 et seq." The USPTO further explained that "'Deep cut' is a common term to describe a feature of motorcycle parts." *See* Exhibit 4 for the Office Action letter The USPTO asked the following questions:

> Do applicant's competitors use the term "deep cut?" Do applicant's goods include "deep cuts" as a feature of the goods? Does "deep cut" have any significance when used in connection with applicant's goods?

13. On 08/06/2018, Defendant responded to the Office Action and answered "no" to all three questions raised in the Office Action.

14. Defendant knew or should have known that many competitors, including Plaintiffs here, used the words "DEEP CUT" to describe features of the goods, and that "deep cut" is a significant feature in Defendant's goods and used in connection with applicant's goods. For instance, HTTMT used "deep

COMPLAINT - 4

cut" as early as 06/23/2016. *See* Exhibit 5 for HTTMT's product sales information.

15. Defendant's response is material to the final issuance of the '507 Mark because this Mark would not have issued if Defendant provided different responses to the Office Action.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgement of the Non-infringement of Plaintiffs' Products)**

16. Plaintiffs restate and incorporate by reference the allegations of the foregoing paragraphs of this Complaint, as if set forth in full.

17. Defendant is alleging and continues to allege that Plaintiffs infringe its trademark. This Court should enter judgment declaring that Plaintiffs do not infringe Defendant's alleged trademark.

18. Plaintiffs' use of the word "deeply cut" or "deep cut" constitutes non-trademark related fair use. Plaintiffs didn't use the word "deeply cut" as a trademark to describe the source of the products. "Deeply cut" or "Deep cut" is used in a sentence to describe the goods, which is just the feature of the motorcycle parts.

19. Plaintiffs just used the word to describe the goods which is fair use in normal sales activities. Even if there is any similarity between the words "deeply cut" and "DEEP CUT", Plaintiff's action is not infringing.

### SECOND CLAIM FOR RELIEF

**(Declaratory Judgement of Invalidity of Defendant's Alleged Trademark)**

20. Plaintiffs restate and incorporate by reference the allegations of the foregoing paragraphs of this Complaint, as if set forth in full.

21. Upon belief and information, Defendant's alleged trademark is invalid for being a common description. "Deeply cut" is simply a descriptive term that can never function as a trademark.

22. Upon belief and information, Defendant's alleged mark is commonly used to merely specifies the type or features of a product, which is unlike a trademark identifying the source of a product.

23. Defendant registered "DEEP CUT" as a trademark, but since the mark is just a descriptive term that cannot be considered valid, Defendant's Trademark Registration No. 5,640,507 shall be cancelled and Defendant's status as the owner of the mark shall be revoked. Even the USPTO stated in its Office Action on 02/06/2018 stated that "Deep cut" is a common term to describe a feature of motorcycle

COMPLAINT - 5

parts and refused the registration.

24. Defendant's trademark is thus invalid.

### THIRD CLAIM FOR RELIEF

**(Unfair Business Practices- Bus. and Prof §§ 17200 and 17500)**

25. Plaintiffs restate and incorporate by reference the allegations of the foregoing paragraphs of this Complaint, as if set forth in full.

26. By knowingly making false representations, on 08/06/2018, to the USPTO that Defendant's competitors did not use the term "deep cut," that Defendant's goods did not include "deep cuts" as a feature of the goods, and that "deep cut" did not have any significance when used in connection with Defendant's goods, and by subsequently filing multiple complaints based on the fraudulently obtained '507 Mark, to Amazon.com, which caused removal of Plaintiffs' lawful products, Defendant's actions constituted unfair and fraudulent practices, which violated Bus. and Prof § 17200.

27. Upon belief and information, contrary to Defendant's statement made to the USPTO when applying for the '507 Mark, Defendant did not use the mark in 2008.

28. Upon belief and information, Defendant registered the '507 Mark with Amazon brand registry, knowing that the '507 Mark was fraudulently obtained. By using the fraudulently obtained '507 mark, Defendant's advertisement of its products is misleading to the public to enter into business relationships with Defendant. Defendant is making false and misleading advertisement to the public because Defendant's use of the word "Deep Cut" has in fact great significance in its products while Defendant admitted on 08/06/2018 to the USPTO that "Deep Cut" has no significance in its products. For instance, Defendant sells Arlen Ness 12-765 Deep Cut Factory Style Turn Signal, and described it as "Deep cut styled billet housings in chrome or Black Anodized." See screenshot below:

///
///
///
///
///
///

COMPLAINT - 6



29. Defendant's invalid registration of the trademark, and false statement that it started using the mark in 2008, constitute an unlawful, unfair, or fraudulent business act or practice and were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs.

30. Relying on Defendant's false statement that it was the lawful owner of the alleged trademark, Amazon removed Plaintiffs' products from its website in or around January 2022 and suffered damages.

31. As a result of Defendant's unlawful, unfair, or fraudulent business act or practice, Defendant has been unjustly enriched in an amount yet to be ascertained according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. General damages in an amount to be proven at trial;

COMPLAINT - 7

2. Punitive damages in an amount within the jurisdiction of this Court;

3. Judgement declaring that Plaintiff does not infringe the '507 Mark;

4. Judgment declaring that the '507 Mark is invalid.

5. Judgment declaring that Plaintiffs have the right to put their products back on Amazon.com;

6. A Court declaration that this case is exceptional under 35 U.S.C § 285 and award Plaintiff its attorneys' fees, costs, and expenses incurred in this action;

7. All other relief that this Court deems just and proper.

Date: March 15, 2022                         By: __/s/Shengmao Mu_____
                                                  SHENGMAO MU

                                             Whitewood Law
                                             2570 N. First Street, 2nd Floor
                                             San Jose, CA, 95131
                                             Tel: 917-858-8018
                                             Fax: 917-591-0618
                                             smu@whitewoodlaw.com

                                             Attorney for Plaintiffs

COMPLAINT - 8