UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HTTMT GROUP LLC, SECRET EQUIPMENT INC., XKH GROUP INC., AND HK MOTO INC.<br><br>Plaintiffs,<br><br>vs.<br><br>Arlen Ness Enterprises, Inc.,<br><br>Defendant. | Case Number: 22-cv-1656<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

Parties have no issue with jurisdiction or service.

2. Facts

**Plaintiff's Statement**

In the original Complaint, Plaintiffs state that Defendant's "deep cut" mark is invalid because this word is used to describe features of the goods, and that "deep cut" is a significant feature in Defendant's goods and used in connection with applicant's goods. Plaintiffs also state that Defendant did not use the word "Deep cut" as a mark in 2008 as Defendant alleged in its trademark application.

Plaintiffs argue that they did not use the A-Shield Logo trademarks in connection with Plaintiffs' advertisement and sale of products that are direct copies of products that Defendant offers under the same mark. Plaintiffs also did not use used photographs taken from Defendant's product advertisements (which contain Defendant's trademark) to advertise Plaintiffs' similar product.

**Defendant's Statement**

Defendant is one of the world's leading and most well-known designers and manufacturers of aftermarket parts for the American v-twin motorcycle industry. Arlen Ness (Defendant's founder) is widely regarded as the "godfather" of custom motorcycles. Plaintiffs, as alleged in Defendant's counterclaims, have "knocked-off" a number of Defendant's patented products and infringed two of Defendant's registered trademarks. Prior to this litigation, and in an effort to combat Plaintiffs' ongoing infringement, Defendant submitted online notices to Amazon.com of Plaintiffs' infringing listings and requested that Amazon remove said listings. Plaintiffs asserted their claims here in response to Defendant's actions to curtail the sales of Plaintiffs' copycat products and Plaintiff's unauthorized use of Defendants' registered trademarks (including DEEP CUT®) without authorization.

In response to Plaintiffs' claims, Defendant denied Plaintiffs' allegations and asserted that Defendant's DEEP CUT® trademark registration is valid. DEEP CUT®, as used by Defendant, is suggestive of the Defendant's products and, therefore, is inherently distinctive. Moreover, even if Plaintiffs were to show that DEEP CUT® is (or was) somehow descriptive of a feature of Defendant's products, DEEP CUT® has acquired secondary meaning through Defendant's continuous use of the mark in commerce since 2008, and is therefore protectable as a trademark.

In addition to denying Plaintiffs' allegations, Defendant asserted counterclaims for Plaintiffs' ongoing infringement of two of Defendant's registered trademarks, DEEP CUT® and Defendant's A-Shield Logo. Defendant also asserted counterclaims for Plaintiffs' ongoing infringement of two of Defendant's design patents (U.S. Patent Nos. D522,942 and D570,755) and one of Defendant's utility patents (U.S. Patent No. 6,374,815). Defendant

alleges that Plaintiffs' infringement of Defendant's trademarks and patents is willful, and that Plaintiffs' conduct makes this case "exceptional" under the Lanham Act, 15 U.S.C. § 1117, and the Patent Act, 35 U.S.C. § 285.

3. <u>Legal Issues</u>

**Plaintiffs' Statement**

Plaintiffs state that Defendant's alleged trademark is invalid for being a common description. "Deeply cut" is simply a descriptive term that can never function as a trademark. Plaintiffs also state in the answer to the Counterclaim that Defendant is not entitled to damages because there is no proper marking. Plaintiffs also state that Defendant's patent infringement counter claims are barred by the doctrine of laches, waiver, estoppel, bad faith, unclean hands, and/or expiration of statute of limitations and/or statute of repose. Plaintiffs also argue that the respective patents are invalid.

Plaintiffs reserve the right to challenge the validity of the registered A-Shield Logo.

**Defendant's Statement**

Regarding Defendant's trademark-related counterclaims (Counterclaim Counts I-IV and VIII), Defendant states that its registered DEEP CUT® and A-Shield Logo trademarks are valid and enforceable. Plaintiffs do not deny that they used Defendant's registered marks in commerce. There is likewise no dispute that Plaintiffs have used Defendant's DEEP CUT® and A-Shield Logo trademarks in connection with Plaintiffs' advertisement and sale of products that are direct copies of products that Defendant offers under the same mark. Indeed, Plaintiffs even used photographs taken from Defendant's product advertisements (which contain Defendant's trademark) to advertise Plaintiffs' knock-off product. Instead, Plaintiffs merely challenge the validity and enforceability of the DEEP CUT® registration. Plaintiffs do not challenge the validity of the registered A-Shield Logo.

Regarding Defendant's patent-infringement counterclaims (Counterclaim Counts V-VII), Defendant states that Plaintiffs have manufactured and sold motorcycle mirrors that embody the aesthetic designs covered by U.S. Patent Nos. D522,942 and D570,755 through

multiple retail outlets and internet "stores."  Similarly, Plaintiffs have manufactured, sold, offered for sale, and imported into the United States multiple products that practice all of the limitations of one or more claims of U.S. Patent No. 6,374,815.  Speaking generally, the claims of U.S. Patent No. 6,374,815 cover engine air-cleaner base assemblies that couple an air cleaner to a carburetor or fuel-injection system and provide conduits for venting gases from the engine crankcase into the venturi portion of the air-cleaner base assembly.

An additional legal issue will be whether Plaintiffs' conduct makes this case exceptional, thereby entitling Defendant to recover its reasonable attorneys' fees, and whether Defendant is entitled to punitive damages from Plaintiffs' willful infringement of Defendant's patents and registered trademarks.

4. Motions

No motions are currently pending before this Court.

The parties anticipate filing a joint motion for a protective order as well as a motion for an order governing the discovery and production of electronically stored information.

Defendant intends to file motions to admit attorneys *pro hac vice*.

Both Parties anticipate filing a dispositive motion at least on Counts I-VII of the Counterclaim as well as on Plaintiffs' claims.

5. Amendment of Pleadings

The parties do not currently anticipate amending their claims or defenses or adding additional parties.  Notwithstanding, the parties respectfully request sixty days to amend their claims and/or defenses, and/or to add additional parties.  This sixty-day period will allow the parties to conduct some initial discovery, which could inform their respective positions on the need for amendment of the pleadings.

6. Evidence Preservation

Parties have met and conferred pursuant to F.R.C.P. 26(f) and have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties have preserved relevant and discoverable electronic information related to the

parties' claims and defenses, including all the sales records with regards to the products in question.

7. <u>Disclosures</u>
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties agreed to serve initial disclosures on or before July 14, 2022. Plaintiffs served their initial disclosures on July 12, 2022. Defendant served its initial disclosures on July 13, 2022. Defendant has requested that Plaintiffs supplement their initial disclosures.

8. <u>Discovery</u>
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date.

Plaintiffs intend to seek discovery regarding Defendant's record of use in commerce for the so-called "deep cut" mark since its alleged first date of use on August 1, 2008. Plaintiffs also seek discovery regarding the first date of the marking for the respective patents mentioned in the counterclaims.

Defendant intends to seek discovery regarding Plaintiffs' various internet "stores," their retail sales outlets, their sales of accused products (both in terms of units and revenues), Plaintiffs' costs of goods sold, and the manufacturer(s) of each of the accused products. Defendant intends to pursue this information from Plaintiffs via interrogatories and requests for production. Defendant also anticipates deposing one or more representatives of each of the Plaintiffs, via Rule 30(b)(6) and by requests for depositions of specific persons with relevant knowledge. Defendant further anticipates considerable written and deposition discovery from third-party online and retail outlets that Plaintiffs use to sell their infringing products, such as Amazon.com, Ebay.com, and Walmart.com. Defendant intends to seek similar discovery from the manufacture(s) of the accused products, which Defendant believes to be located in China.

The parties request that depositions of experts and third parties not count against Federal Civil Rule 30(a)(2)(A)(1)'s limit of ten depositions per side. Under Federal Civil Rule 33(a)(1), the parties request that twenty-five interrogatories may be served upon each party.

The parties anticipate asking the Court to enter an order governing the discovery and disclosure of electronically stored information.  The parties have agreed to discuss the parameters of such a proposed order after the initial case management conference.

9. Class Actions.

None.

10. Related Cases.

None.

11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiffs seek to invalidate Defendant's "deep cut" mark and declaratory judgment that they are not infringing this mark. Plaintiffs also seek to invalidate Defendant's respective patents and alternatively judgment that declaring that there is no patent infringement. Plaintiffs also seek to be awarded damages.

Defendant seeks damages for Plaintiffs' infringement of Defendant's registered DEEP CUT® and A-Shield Logo trademarks, as well as for Plaintiffs' infringement of Defendant's three asserted patents.  Defendant also seeks to recover the profits that Plaintiffs received from all such infringing sales.  Finally, Defendant seeks to recover its reasonable attorneys' fees as well as enhanced damages for Plaintiffs' willful infringement of Defendant's patents and registered trademarks.

12. Settlement and ADR

The parties have not yet engaged in substantive settlement discussions.  The parties propose that deadline to file a request for an ADR is 10/28/2022. Key discovery for an effective and informed ADR proceeding will include production of verified and complete records of sales by all Plaintiffs of all products shown in the Counterclaim that Defendant has accused of infringing Defendant's patents and/or registered trademarks.  With respect to products that Defendant accuses of infringing Defendant's patents and that defendant offered for sale in connection with Defendant's registered A-Shield Logo, Defendant will need

information regarding each Plaintiffs' sales of all such products, regardless of the outlet (or seller "store") through which said products were sold and regardless of the name or other identifier by which the product advertised.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   ____ YES   X NO

14. Other References

Parties would be open to considering resolving this matter through binding arbitration or a trial by an agreed-upon special master.  Parties would recommend that the arbitrator or special master have experience litigating patent and trademark disputes.

15. Narrowing of Issues

Plaintiffs state there is no dispute that they used the word "Deep Cut" in some of the product descriptions.

Defendant state that, as shown in the Counterclaim, the products accused of infringing the design patents are identical to the designs in those patents.  There also appears to be no dispute that Plaintiffs used Defendant's DEEP CUT® and A-Shield Logo trademarks in commerce without Defendant's authorization.  A stipulation that the accused products embody the patented designs, and that Plaintiffs have used Defendant's DEEP CUT® and A-Shield Logo trademarks in commerce without Defendant's authorization (reserving all arguments regarding damages and the validity of Defendant's patents and trademarks) would greatly narrow the issues for trial and reduce the burden on the Court and the jury.

16. Expedited Trial Procedure

None at this moment.

17. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| Event: | Proposed Date: |
|---|---|
| Disclosure of Asserted Claims and Infringement Contentions | 08/16/2022 |
| Invalidity Contentions | 9/30/2022 |
| Exchange of Proposed Terms for Construction | 10/14/2022 |

| | |
|---|---|
| Damage Contentions | 11/21/2022 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | 11/04/2022 |
| Joint Claim Construction and Prehearing Statement and Expert Reports | 11/29/2022 |
| Response to Damages Contention | 12/21/2022 |
| Completion of Claim Construction Discovery | 12/29/2022 |
| Claim Construction Opening Briefs by Defendant | 1/13/2023 |
| Responsive brief by Plaintiffs | 1/27/2023 |
| Reply brief by Defendant | 2/03/2023 |
| Fact Discovery Cutoff | 3/17/23 |
| Burden of Proof Expert Disclosure | 4/17/23 |
| Rebuttal Expert Disclosure | 6/19/23 |
| Expert Discovery Cutoff | 8/18/23 |
| Dispositive Motions Cutoff | 9/18/23 |
| Final Pretrial Conference (estimated) | 2/19/24 |
| Trial (estimated) | 3/18/24 (2 years after filing) |

18. Trial

Plaintiff proposes a non-jury trial for its claims. Defendants have demanded trial by jury for all issues so triable.

19. Disclosure of Non-party Interested Entities or Persons

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Plaintiffs have certified that other than the named parties, there is no such interest to report.

Defendant has certified that other than the named parties, there is no such interest to report.

20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None.

| | |
|---|---|
| Dated: July 25, 2022 | /s/Shengmao Mu |
| | Counsel for Plaintiffs |
| | |
| Dated:  July 25, 2022 | /s/Daniel M. Anderson |
| | Counsel for Defendant |

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

4858-9923-6650.2