Shengmao Mu (SBN 327076)
Whitewood Law
99 S Almada Blvd, Suite 600,
San Jose, CA, 95113
Tel: 917-858-8018
Fax:917-591-0618
smu@whitewoodlaw.com

Attorney for Plaintiffs

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HTTMT GROUP LLC, ET AL., <br><br> PLAINTIFFS, <br><br> V. <br><br><br> ARLEN NESS ENTERPRISES, INC., <br><br> DEFENDANT. | Case No.: 4:22-cv-01656-JST <br> **DECLARATION OF SHENGMAO MU IN SUPPORT OF STIPULATED PROTECTIVE ORDER** |

DECLARATION OF SHENGMAO MU IN SUPPORT OF STIPULATED PROTECTIVE ORDER - 1

I, SHENGMAO MU, declare as follows:

1. I am an attorney with the law firm of Whitewood Law PLLC, attorney of record in this action for Plaintiffs. I submit this declaration in support of Parties Stipulated Protective Order pursuant to Judge Tigar's Individual Rule H.

2. Parties have made the following substantive edits based on the Model Protective Order:

1) In 2.2, the following statement was added:

"A Producing Party may designate materials, information, or items as "CONFIDENTIAL" if such material, information, or item is personal, non-public, proprietary and/or confidential, not publicly known, and is of technical or commercial advantage to its possessor, or any other information required by law or agreement to be kept confidential. A Producing Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Producing Party or a Non-Party to whom the Producing Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material."

2) In 2.3, "and House Counsel" was deleted.

The optional section 2.4 was deleted.

3) In 2.8, the following statement was added:

"'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' materials, information, or items constitute a subset of "CONFIDENTIAL" Protected Material and may include any material, information, or items supplied in any form that is so sensitive that the Producing Party reasonably believes that it is entitled to heightened protections, including but not limited to, technical information (including research and development, process, and formula information), customer and prospective customer information, account information, cost, rate, and pricing information, compensation arrangements, business and marketing plans, and other competitively sensitive business or technical information the disclosure of which may cause harm to the competitive position of the Producing Party."

4) The optional section 2.9 was deleted.

5) 2.10 was deleted.

6) In 2.12, the following statement was added:

   "as well as support staff employed or retained by any of the foregoing."

7) The optional portion in 2.16 was deleted.

8) The two optional portions within 5.2 (a) were deleted.

9) In 5.2 (b), the first paragraph, "after receipt of a transcript of such deposition, hearing, or other proceeding" was added after "the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days."

10) In 5.2 (b), the first paragraph, the word "the" within "Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order" was replaced with "such."

11) In 5.2 (b), the third paragraph, "Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated" was deleted.

12) The optional portion in 5.2 (c) was deleted.

13) In 6.2, "To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order" was deleted.

14) The first paragraph in Section 6.3 contains multiple changes which includes deletion of "within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier," "Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition," and "Any motion brought pursuant to this provision must

DECLARATION OF SHENGMAO MU IN SUPPORT OF STIPULATED PROTECTIVE ORDER - 3

be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph."

15) Within the first paragraph in Section 6.3, "If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7" was changed to "If the Parties cannot resolve a challenge without court intervention, the Challenging Party *may* file and serve a motion to *remove or reduce* confidentiality under Civil Local Rule 7." (emphasis added)

16) Within the second paragraph in Section 6.3, "Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above," was deleted.

17) The footnote 2 within 7.1 was deleted.

18) Section 7.2 (a) contains multiple edits. "and who have signed" was deleted, "as well as employees of" was changed to "as well as employed or retained support personnel." "If a Receiving Party's Outside Counsel of Record has not entered an appearance in this action, such Receiving Party's Outside Counsel of Record shall sign a copy of" was added before "the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A."

19) The two optional portions within 7.3 were deleted.

20) The "employees" within 7.3 (a) was changed to "employed or retained support personnel." "and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A" was deleted.

21) The optional 7.3 (b) was deleted.

22) The footnote 5 within 7.3 (e) was deleted. "mock jurors" was added after "trial consultant."

23) The optional portion within 7.4 was deleted.

24) ""CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a Party or anticipated to become one" was added in 7.4.

25) Sections 7.4 (a)(1), (a)(2), (b), (c) were deleted.

DECLARATION OF SHENGMAO MU IN SUPPORT OF STIPULATED PROTECTIVE ORDER - 4

26) The optional Section 8 was deleted.

27) The optional Section 9 was deleted.

28) The optional portion within the first paragraph of Section 10 was deleted.

29) The footnote 18 and the optional portion within 10(c) were deleted.

30) The optional portion within 11(a) was deleted.

31) The footnote 19 within 11(c) was deleted.

32) The footnote 20 within Section 13 was deleted.

33) The optional 14.3 was deleted.

A redlined version is also submitted herein to clarify any confusions that may arise.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Date: December 14, 2022                    By: ___/s/Shengmao Mu_____
                                                SHENGMAO MU

                                           Whitewood Law
                                           99 S Almada Blvd, Suite 600,
                                           San Jose, CA, 95113
                                           Tel: 917-858-8018
                                           Fax:917-591-0618
                                           smu@whitewoodlaw.com

                                           Attorney for Plaintiffs