UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HTTMT GROUP LLC, et al., | Case No. 4:22-cv-01656-JST, |
| Plaintiff, | STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |
| v. | |
| ARLEN NESS ENTERPRISES, INC., | |
| Defendant. | |

**Deleted:** C

1. <u>PURPOSES AND LIMITATIONS</u>

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

    2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

United States District Court
Northern District of California

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  A Producing Party may designate materials, information, or items as "CONFIDENTIAL" if such material, information, or item is personal, non-public, proprietary and/or confidential, not publicly known, and is of technical or commercial advantage to its possessor, or any other information required by law or agreement to be kept confidential.  A Producing Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Producing Party or a Non-Party to whom the Producing Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

2.4    Intentionally deleted.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials, information, or items constitute a subset of "CONFIDENTIAL" Protected Material and may include any material, information, or

**Deleted:** and House Counsel

**Deleted:** [*Optional*: <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

**Deleted:** [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]

**Deleted:**  or of a Party's competitor

**Deleted:**  or of a Party's competitor

United States District Court
Northern District of California

1  items supplied in any form that is so sensitive that the Producing Party reasonably believes that it

2  is entitled to heightened protections, including but not limited to, technical information (including

3  research and development, process, and formula information), customer and prospective customer

4  information, account information, cost, rate, and pricing information, compensation arrangements,

5  business and marketing plans, and other competitively sensitive business or technical information

6  the disclosure of which may cause harm to the competitive position of the Producing Party.

7       2.9     Intentionally omitted.

8       2.10    Intentionally omitted.

9       2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity

10  not named as a Party to this action.

11      2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but

12  are retained to represent or advise a party to this action and have appeared in this action on behalf of that

13  party or are affiliated with a law firm which has appeared on behalf of that party, as well as support staff

14  employed or retained by any of the foregoing.

15      2.13    Party: any party to this action, including all of its officers, directors, employees,

16  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

17      2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in

18  this action.

19      2.15    Professional Vendors: persons or entities that provide litigation support services (e.g.,

20  photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or

21  retrieving data in any form or medium) and their employees and subcontractors.

22      2.16    Protected Material: any Disclosure or Discovery Material that is designated as

23  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24      2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing

25  Party.

26  3.    SCOPE

27      The protections conferred by this Stipulation and Order cover not only Protected Material (as

28  defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

4857-8912-5953.1                                        3

**Deleted:** [*Optional*: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.]

**Deleted:** House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**Deleted:** [*Optional*: or as "HIGHLY CONFIDENTIAL – SOURCE CODE."]

excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

        Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    If it comes to a Designating Party's attention that information or items that it designated for

2    protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

3    that Designating Party must promptly notify all other parties that it is withdrawing the mistaken

4    designation.

5    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g.,

6    second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

7    Material that qualifies for protection under this Order must be clearly so designated before the material is

8    disclosed or produced.

9    Designation in conformity with this Order requires:

10   (a) for information in documentary form (e.g., paper or electronic documents, but excluding

11   transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

13   contains protected material. If only a portion or portions of the material on a page qualifies for protection,

14   the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

15   markings in the margins) and must specify, for each portion, the level of protection being asserted.

16   A Party or Non-Party that makes original documents or materials available for inspection need not

17   designate them for protection until after the inspecting Party has indicated which material it would like

18   copied and produced. During the inspection and before the designation, all of the material made available

19   for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

20   inspecting Party has identified the documents it wants copied and produced, the Producing Party must

21   determine which documents, or portions thereof, qualify for protection under this Order. Then, before

22   producing the specified documents, the Producing Party must affix the appropriate legend

23   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ) to each page that

24   contains Protected Material. If only a portion or portions of the material on a page qualifies for protection,

25   the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

26   markings in the margins) and must specify, for each portion, the level of protection being asserted.

27   (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating

28   Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected

4857-8912-5953.1                                    5

**Formatted:** Indent: First line: 0"

**Deleted:** [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]

**Deleted:** [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE]...

testimony and specify the level of protection being asserted. When it is impractical to identify separately

each portion of testimony that is entitled to protection and it appears that substantial portions of the

testimony may qualify for protection, the Designating Party may invoke on the record (before the

deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of a

transcript of such deposition, hearing, or other proceeding to identify the specific portions of the testimony

as to which protection is sought and to specify the level of protection being asserted. Only those portions of

the testimony that are appropriately designated for protection within such 21 days shall be covered by the

provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the

deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be

treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other

proceeding to include Protected Material so that the other parties can ensure that only authorized

individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the

transcript contains Protected Material, and the title page shall be followed by a list of all pages (including

line numbers as appropriate) that have been designated as Protected Material and the level of protection

being asserted by the Designating Party. The Designating Party shall inform the court reporter of these

requirements.

(c) for information produced in some form other than documentary and for any other tangible

items, that the Producing Party affix in a prominent place on the exterior of the container or containers in

which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection,

the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of

protection being asserted.

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Designating Party's right to secure

United States District Court
Northern District of California

**Deleted:** the

**Deleted:** Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

**Deleted:** [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]

<div style="margin-left:auto; writing-mode: vertical"></div>

protection under this Order for such material. Upon timely correction of a designation, the Receiving Party

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation

is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by

providing written notice of each designation it is challenging and describing the basis for each challenge.

The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring

directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the

date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an opportunity to review

the designated material, to reconsider the circumstances, and, if no change in designation is offered, to

explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the

challenge process only if it has engaged in this meet and confer process first or establishes that the

Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention,

the Challenging Party may file and serve a motion to remove or reduce confidentiality under Civil Local

Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable). Each such motion must be

accompanied by a competent declaration affirming that the movant has complied with the meet and confer

requirements imposed in the preceding paragraph. The Challenging Party may file a motion challenging a

confidentiality designation at any time after satisfying the meet and confer requirements imposed in the

preceding paragraph if there is good cause for doing so, including a challenge to the designation of a

deposition transcript or any portions thereof.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

4857-8912-5953.1                7

**Deleted:** To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

**Deleted:** Designating
**Deleted:** shall
**Deleted:** retain
**Deleted:** within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier
**Deleted:** t
**Deleted:** Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, t
**Deleted:** Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

       7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

       Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

       7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

       (a) the Receiving Party's Outside Counsel of Record in this action, as well as employed or retained support personnel of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.  If a Receiving Party's Outside Counsel of Record has not entered an appearance in this action, such Receiving Party's Outside Counsel of Record shall sign a copy of the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

       (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (d) the court and its personnel;

       (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to

United States District Court
Northern District of California

**Deleted:** Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, a

**Deleted:** ²

**Deleted:** es

**Deleted:** and who have signed

**Deleted:** (including House Counsel)

4857-8912-5953.1

8

1    whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

2    Agreement to Be Bound" (Exhibit A);

3          (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and

4    who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise**

5    **agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or

6    exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and

7    may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8          (g) the author or recipient of a document containing the information or a custodian or other person

9    who otherwise possessed or knew the information.

10         Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

11   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party

12   may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY" only to:

14         (a) the Receiving Party's Outside Counsel of Record in this action, as well as employed or retained

15   support personnel of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

16   information for this litigation;

17         (b) Intentionally omitted;

18         (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

19   litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as

20   to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

21         (d) the court and its personnel;

22         (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and

23   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed

24   the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

25         (f) the author or recipient of a document containing the information or a custodian or other person

26   who otherwise possessed or knew the information.

27

28

4857-8912-5953.1                                      9

---

United States District Court
Northern District of California

---

**Deleted:** [*Optional:* and "HIGHLY CONFIDENTIAL – SOURCE CODE"]

**Deleted:** [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]

**Deleted:** employees

**Deleted:** and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A

**Deleted:** [

**Deleted:** *Optional as deemed appropriate in case-specific circumstances:* Designated House Counsel of the Receiving Party[3] (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed][4]

**Deleted:** [5]

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –</u>

<u>ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>  "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert

without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or

employee of a Party or anticipated to become one.

      (a)(1) Intentionally omitted.

      (a)(2) Intentionally omitted.

      (b) Intentionally omitted.

      (c) Intentionally omitted.

8.     INTENTIONALLY OMITTED.

9.     INTENTIONALLY OMITTED.

    (a)     Intentionally omitted.

    (b)     Intentionally omitted.

    (c)     Intentionally omitted.

    (d)     Intentionally omitted.

    (e)     Intentionally omitted.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
      LITIGATION

      If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

      (a) promptly notify in writing the Designating Party. Such notification shall include a copy

of the subpoena or court order;

      (b) promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this

Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c) cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

**Deleted:** [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]

**Deleted:** Designated House Counsel" or

**Deleted:** 7

**Deleted:** Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party who seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.⁸

**Deleted:** Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party who seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding ... [1]

**Deleted:** A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Desig ... [2]

**Deleted:** A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement with ... [3]

**Deleted:** PROSECUTION BAR [*OPTIONAL*]

**Deleted:** Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY ... [4]

**Deleted:** SOURCE CODE [*OPTIONAL*]

**Deleted:** To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it co ... [5]

**Deleted:** Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – SOUR ... [6]

**Deleted:** Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at ot ... [7]

**Deleted:** The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or othe ... [8]

**Deleted:** The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain ... [9]

**Deleted:** [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]

**Deleted:** 10

1    If the Designating Party timely seeks a protective order, the Party served with the subpoena

2    or court order shall not produce any information designated in this action as "CONFIDENTIAL"

3    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the

4    court from which the subpoena or order issued, unless the Party has obtained the Designating

5    Party's permission. The Designating Party shall bear the burden and expense of seeking protection

6    in that court of its confidential material – and nothing in these provisions should be construed as

7    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

8    another court.

9    11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION

10    (a)    The terms of this Order are applicable to information produced by a Non-Party in

11    this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

12    ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with

13    this litigation is protected by the remedies and relief provided by this Order. Nothing in these

14    provisions should be construed as prohibiting a Non-Party from seeking additional protections.

15    (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-

16    Party's confidential information in its possession, and the Party is subject to an agreement with the

17    Non-Party not to produce the Non-Party's confidential information, then the Party shall:

18    

19    1.    promptly notify in writing the Requesting Party and the Non-Party that some or all

20    of the information requested is subject to a confidentiality agreement with a Non-Party;

21    2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in

22    this litigation, the relevant discovery request(s), and a reasonably specific description of the information

23    requested; and

24    3.    make the information requested available for inspection by the Non-Party.

25    (c)    If the Non-Party fails to object or seek a protective order from this court within 14

26    days of receiving the notice and accompanying information, the Receiving Party may produce the

27    Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

28    seeks a protective order, the Receiving Party shall not produce any information in its possession or

United States District Court
Northern District of California

4857-8912-5953.1

11

**Deleted:** [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]…

**Deleted:** [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]…

control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.   MISCELLANEOUS

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to

4857-8912-5953.1

12

United States District Court
Northern District of California

Deleted: 19

Deleted: 20

1    object on any ground to use in evidence of any of the material covered by this Protective Order.

2        14.3    Intentionally omitted.

3        14.4    Filing Protected Material. Without written permission from the Designating Party or a

4    court order secured after appropriate notice to all interested persons, a Party may not file in the public

5    record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

6    must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a

7    court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule

8    79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is

9    privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving

10   Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the

11   court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

12   Rule 79-5 unless otherwise instructed by the court.

13   15.    FINAL DISPOSITION

14       Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

15   Party must return all Protected Material to the Producing Party or destroy such material. As used in this

16   subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

17   format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

18   or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the

19   same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

20   where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

21   Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

22   reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

23   entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

24   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

25   consultant and expert work product, even if such materials contain Protected Material. Any such archival

26   copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

27   Section 4 (DURATION).

28       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

United States District Court
Northern District of California

**Deleted:** [*Optional*: Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.]

DATED: _____    _____
                                                    Attorneys for Plaintiff

DATED: _____    _____
                                                    Daniel M. Anderson
                                                    Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____    _____
                                                    John S. Tigar
                                                    United States District/Magistrate Judge

**Deleted:** [Name of Judge]

United States District Court
Northern District of California

4857-8912-5953.1                                    14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____[print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on _____[date] in the case of HTTMT

Group LLC et al. v. Arlen Ness Enterprises, Inc., N.D. Cal. Case No. 4:22-cv-01656-JS. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                    [signature]

4857-8912-5953.1                      15

United States District Court
Northern District of California

**Deleted:** _____ [insert formal name of the case and the number and initials assigned to it by the court]

| Page 10: [1] Deleted | LeVere, T. Earl | 12/3/22 5:11:00 AM |

| Page 10: [2] Deleted | LeVere, T. Earl | 12/3/22 5:12:00 AM |

| Page 10: [3] Deleted | LeVere, T. Earl | 12/3/22 5:12:00 AM |

| Page 10: [4] Deleted | LeVere, T. Earl | 12/3/22 5:14:00 AM |

| Page 10: [5] Deleted | LeVere, T. Earl | 12/3/22 5:14:00 AM |

| Page 10: [6] Deleted | LeVere, T. Earl | 12/3/22 5:14:00 AM |

| Page 10: [7] Deleted | LeVere, T. Earl | 12/3/22 5:15:00 AM |

| Page 10: [8] Deleted | LeVere, T. Earl | 12/3/22 5:15:00 AM |

| Page 10: [9] Deleted | LeVere, T. Earl | 12/3/22 5:17:00 AM |